BRAUN v. FINGER.

(Supreme Court, Appellate Term.  December 16, 1908.)

COURTS (§ 189*) — SET-OFF AND COUNTERCLAIM — MUNICIPAL COURTS — CONTRACTS.

Under Municipal Court Act (Laws 1902, p. 1538, c. 580) § 151, and Code Civ. Proc. § 501, providing that, in an action on contract, any other cause of action on contract existing at the commencement of the action is a proper subject of counterclaim, costs awarded against plaintiff in former actions are properly allowed as a counterclaim against his recovery; the judgment for costs being a contract.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Alexander Braun against Joseph Finger. From a judgment for plaintiff after a trial before the court without a jury, defendant appeals. Modified and affirmed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Charles Frankel, for appellant.

Gates Hamburger, for respondent.

GIEGERICH, J. The issue of fact as to the making of the contract was decided by the trial judge in the plaintiff's favor upon evidence that was sufficient, and no reason is apparent why his finding should be disturbed. The responsibility for the two or three previous actions which had been fruitlessly brought was assumed by the plaintiff's attorney, whose explanation of the facts exonerated the plaintiff of all blame, and left his testimony and veracity unclouded.

The costs awarded against the plaintiff in the former actions should, however, have been allowed as a counterclaim. The attorney for the plaintiff argues that such costs could not be counterclaimed against the recovery because they do not constitute one of the counterclaims set forth in section 501 of the Code of Civil Procedure or in any provision of the municipal court act, meaning thereby, I suppose (Laws 1902, p. 1538, c. 580), section 151. Those actions, so far as they affect the question under consideration, are identical, and expressly provide that in an action upon a contract any other cause of action on contract existing at the commencement of the action is a proper subject of counterclaim. In this case the costs appear to have been awarded by judgments in the former actions, and they should be held to be obligations on a contract on the familiar and ancient principle that a judgment is a contract of the highest form.

The damages, which were found in the amount of $65, should therefore be reduced by the amount of such costs, namely, $18.56, leaving the damages in the reduced amount of $46.44, and, as thus modified, the judgment should be affirmed, without costs. All concur.